Upon review of all of the competent evidence of record with reference to the errors assigned, the Full Commission hereby REVERSES the Opinion and Award of the Deputy Commissioner and makes the following
FINDINGS OF FACT
1. As of May 1993 plaintiff had been employed by defendant-employer approximately two years as a full-time cook at its Merrimon Avenue fast food restaurant. His job duties included making sandwiches, cooking, operating the cash register, receiving supplies when they were delivered and cleaning up.
2. When plaintiff was hired, he received explicit instructions from the management of defendant-employer not to use the regular business parking lot, but to specifically use the parking lot located behind the building next door. In order to get to this parking area, it was necessary for employees to go down a steep stairway.
3. On May 28, 1993, plaintiff clocked out from work, went out the back door which was the only exit out of the building, and was walking to his vehicle with a fellow employee. Plaintiff's vehicle was parked in the lot where employees were instructed to park. As plaintiff was walking down the stairs which led to his designated parking area, he slipped and fell down several stairs, injuring his back. At the time there was no handrail along the stairwell, and the individual stairs were rather short, such that when plaintiff placed his entire foot on a stair, half his foot would still be off of it.
4. The property on which Backyard Burgers was located was owned by Herbert and June Coe of Tampa, Florida. Walden Partners, a development real estate business, was a ground lease tenant of this property, a parcel of which was sublet to defendant-employer. The stairs on which plaintiff sustained his back injury are not located on the premises sublet to defendant-employer. Even though defendant-employer had no responsibility for upkeep or maintenance of those stairs, they exercised control over this area and the lower parking lot by demanding its employees to park in the lower lot which was only accessible by using this stairway. Since plaintiff was specifically instructed to use this particular parking area, and had in fact used said parking lot for two years, defendant-employer knew or should have known that plaintiff could reasonably assume adequate arrangements had been made by his employer which would create a legitimate right to use this parking lot and the stairway. Defendant-employer is therefore estopped from denying the same.
5. Plaintiff initially thought his back problem would resolve and did not pay much attention to it, but his pain persisted, so on June 2 he had an office visit with Dr. Farrell, a chiropractor. Dr. Farrell diagnosed plaintiff's condition as a lumbar strain and provided him chiropractic treatment. Plaintiff was able to return to work on June 14, 1993, but he continued to receive treatment for his injury. Plaintiff reached maximum medical improvement as of April 27, 1994, and Dr. Farrell ultimately gave plaintiff a five percent permanent partial disability rating.
Plaintiff sustained an injury by accident on May 28, 1993 arising out of and in the course of his employment with defendant-employer.
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident on May 28, 1993 arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6); Bass v.Mecklenburg County, 258 N.C. 226, 128 S.E.2d 570, 1962.
2. Plaintiff is entitled to temporary total disability benefits from defendants at the rate of $70.04 per week from June 2, 1992 through June 13, 1992, a period of five days after excluding the seven-day waiting period. N.C.G.S. § 97-29.
3. Plaintiff is entitled to permanent partial disability benefits from the defendants at a rate of $70.04 per week for 15 weeks for the five percent (5%) permanent partial impairment to his back. N.C.G.S. § 97-31.
4. Plaintiff is entitled to payment by defendant of all medical expenses arising from his compensable injury.
* * * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the undersigned enters the following
AWARD
1. Subject to counsel's fee, defendants shall pay to plaintiff in one lump sum temporary total disability benefits for a period of five days, at the rate of $70.04 per week and also permanent partial disability benefits at the rate of $70.04 per week for 15 weeks for the five percent (5%) permanent partial impairment to his back.
2. Defendants shall pay for all medical expenses incurred by plaintiff as a result of his injury when bills for same have been submitted to the Industrial Commission through defendant-carrier and approved by the Commission.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded plaintiff herein shall be deducted and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs due this Commission.
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER CONCURRING:
S/ ___________________________ JUDGE JAMES BOOKER COMMISSIONER
DISSENTING: S/ ___________________________ DIANNE SELLERS COMMISSIONER