The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Margaret Morgan. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Industrial Commission has jurisdiction of this matter.
3. An employee-employer relationship existed between the plaintiff and the defendant-employer.
4. Travelers Insurance Company is the carrier on the risk.
5. The plaintiff was temporarily and totally disabled as a result of the accident of 17 July 1996 from 17 July 1996 until 19 November 1996.
 ***********
The Full Commission finds as follows:
 FINDINGS OF FACT
1. On 17 July 1996, the plaintiff was employed as an assistant manager for the defendant-employer's Morganton restaurant. The plaintiff usually rode his motorcycle to work and parked it either in the designated employee area of the customer parking lot or on a concrete pad next to the rear door of the restaurant, both being premises of the employer. On hot days, the plaintiff often parked his motorcycle on the concrete pad so that the kickstand would not sink into the hot asphalt of the parking lot. The restaurant manager would allow the plaintiff to park his motorcycle in the restaurant's back storage room during inclement weather so that the seat would not get wet.
2. On 17 July 1996, the plaintiff rode his motorcycle to work in the morning and parked in the employee area of the parking lot, which was down a steep incline and on the far edge of the lot. There had been a lot of hail damage to cars in the parking lot that summer from severe thunderstorms and plaintiff feared that day that hail from an approaching storm would damage his motorcycle, so he moved it into the storage room with the permission of his supervisor. Approximately an hour and a half later, the rain stopped and the plaintiff was asked by his supervisor to move his motorcycle from the storage room so that the storage room could be cleaned. The plaintiff then pushed the motorcycle out of the building and cranked it to drive to the employee area of the parking lot. As he was pulling into the parking space, he applied the brakes but they did not work. The plaintiff then accidentally twisted his wrists, accelerating the motorcycle, which lunged forward and down a vertical embankment landing against a tree. A brake pad from the plaintiff's motorcycle was later found in the parking lot.
3. The moving of the motorcycle in and out of the storage room as inclement weather came and went normally happened during regular business hours as it did on 17 July 1996.
4. As a result of this accident, the plaintiff suffered a broken leg and had to undergo surgery. The plaintiff was unable to return to work until 19 November 1996, at which time he began regular duty for the defendant-employer. The plaintiff later resigned his position with the defendant-employer to work elsewhere.
5. The accident and injury occurred as the employee was moving his motorcycle at the request of his employer and thus the removal of the motorcycle from the storage room was a requirement of his job on that day and the resulting accident and injury arose out of his employment. There was an appreciable benefit to the defendant-employer from the plaintiff's removing his motorcycle from the storage room so that the room could be cleaned. Under these circumstances, the accident arose out of plaintiff's employment and is a compensable accident under the Workers' Compensation Act.
6. There was reasonable relationship between the accident and the plaintiff's employment with the defendant-employer. Under the circumstances of this case, moving his motorcycle in and out of the restaurant during inclement weather was a risk or hazard incident to the plaintiff's employment.
7. The parties agreed that the record in this case would be left open with respect to the issue of permanent partial disability of plaintiff's left leg; that Dr. Sim's rating of 35% disability of the left leg could be considered on this issue along with a deposition to be taken by Defendants of a second opinion physician.
8. Based on a stipulated wage spreadsheet, plaintiff's average weekly wage was $500.72, yielding a compensation rate of $333.83 per week.
9. Plaintiff received disability payments from an employer-funded plan in the amount of $1,287 for the period 16 October 1996 through 19 November 1996, or approximately $321.75 per week.
10. When the accident occurred the employee was on the clock; the accident occurred in the parking lot premises of the employer; the injured worker had the permission of the general manager to park his motorcycle in the storeroom and was ordered by his supervisor to remove it so the storeroom could be cleaned.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident during the course and scope and arising out of his employment with the defendant-employer. Under the circumstances of this case, where the employee was regularly permitted to move his motorcycle into a storage room during inclement weather and where he was required to remove it when the storage room needed cleaning, the injury that occurred while moving the motorcycle during working hours at the insistence of a supervisor and on the parking lot of the employer was "a natural and probable consequence or incident of the employment and a natural result of one of its risks."Bartlett vs. Duke University, 284 N.C. 230,200 S.E.2d 193 (1973); N.C. Gen. Stat. § 97-(2)6).
Whether an accident arises out of and in the course of the employment within the meaning of the Workmen's Compensation Act is a mixed question of law and fact; the words "out of" refer to the origin and cause of the accident, and the words "in the course of" refer to the time, place and circumstances under which the accident occurs. Bass v. Mecklenburg County,258 N.C. 226, 128 S.E.2d 570 (1962). While injuries to an employee while going to and from his work ordinarily do not arise out of and in the course of the employment, where the employer provides board and room upon the premises as an incident of the employment, an injury by accident which occurs while the employee is on the premises and going directly from his room to his work may arise out of and in the course of the employment when such injury can fairly be traced to the employment as a contributing proximate cause. Id. The facts of the instant case are similar to those of Bass in that the injury occurred on the parking lot premises while the employee was moving his motorcycle pursuant to an order from his supervisor.
In Maurer v. Salem Co., 266 N.C. 381, 146 S.E.2d 432
(1966), the claimant, while in the employer's parking lot, was injured while pushing a fellow employee's car trying to get the engine started after work in order to get a ride home. The North Carolina Supreme Court found the case compensable because the injury occurred upon the employer's premises and thus fitted within the exception to the general "going and coming" rule. The Court also found that the 20 to 25 minutes between the claimant's departure from work and his injury was without significance since the time had been devoted exclusively to the efforts to start the vehicle. In the instant case, it is not necessary to resort to the exception to the going and coming rule because the employee was neither going to nor from work. He was at work moving his motorcycle on the premises of the employer at the direction of his supervisor.
In Davis v. Manufacturing Co., 249 N.C. 543,107 S.E.2d 102 (1959), the claimant broke her ankle while walking from her parked car in the employer's parking lot down a clay walk to her employer's plant when she slipped and fell. In finding this to be within the course and scope and arising out of her employment, the North Carolina Supreme Court again emphasized that the important point was that the claimant was on the employer's premises when her injury occurred.
2. Plaintiff is entitled to total temporary disability benefits from 17 July 1996 until 16 November 1996 when he returned to work. N.C. Gen. Stat. § 97-25.
3. Plaintiff is entitled to have Defendants to pay for all medical expenses incurred or to be incurred as the result of plaintiff's injury by accident. N.C. Gen. Stat. § 97-25.
4. Defendant is entitled to a week-for-week credit equal to the compensation rate for the employer-sponsored disability compensation he received during the period 16 October 1996 through 19 November 1996.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff total temporary disability benefits for the 16 week period from 17 July 1996 until 16 November 1996, offset by a week-for-week credit for four weeks, leaving 12 weeks of compensation at the compensation rate of $333.83 and four weeks at $12.08 (the difference between the compensation rate of $333.83 and the disability payments of $321.75) still owed. These amounts shall be paid in a lump sum including interest at 8% per annum from 7 November 1997, the date of the hearing before the Deputy Commissioner, until the date paid.
2. Defendant shall pay for all medical expenses incurred or to be incurred as the result of plaintiff's injury by accident.
3. Within 60 days of the filing of this Opinion and Award the parties will either stipulate as to permanent partial disability and report such stipulation to this panel or the Defendants will schedule a deposition of their proposed second opinion physician. Once completed, such deposition shall be forwarded to this panel for decision with respect to permanent partial disability.
4. An attorney fee of 25% of the amount awarded to plaintiff, excluding interest, is hereby approved for plaintiff's counsel and shall be paid directly to such counsel.
This the 4th day of February 1999.
 S/_________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/______________________ CHRISTOPHER SCOTT COMMISSIONER
S/______________________ BERNADINE S. BALLANCE COMMISSIONER