***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Gregory. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Gregory with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Defendants Corestaff Services (hereinafter "Corestaff") and American Casualty Company (hereinafter "American Casualty") stipulate that all parties are properly before the Commission and the Commission has jurisdiction of the parties and of the subject matter of this case pursuant to the North Carolina Workers' Compensation Act (hereinafter the "Act").
2. Defendants Corestaff and American Casualty stipulate that all parties have been correctly designated and that there is no question as to misjoinder or non-joinder of parties.
3. In addition to the other stipulations contained herein, defendants Corestaff and American Casualty stipulate with respect to the following undisputed fact:
a. Plaintiff was an employee of defendant Corestaff on the date of the alleged injury, March 28, 2003.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was 56 years old with a date of birth of August 14, 1947 and she was working as a workflow clerk with a new employer at a greater wage than at the time of her disputed injury. In 1982, plaintiff had obtained a degree in business administration from North Carolina Central University. Plaintiff's work history includes administrative and secretarial work. Plaintiff began working for defendant-employer through its contract with Central Carolina Bank (hereinafter "CCB") in Durham, North Carolina in approximately 2002. CCB contracted with Corestaff Services for the services of temporary employees. Plaintiff's job was that of a clerk in the mortgage department.
2. Plaintiff typically began work at approximately 8:30 a.m. CCB was located on the second floor where it occupied leased office space. Employees could access the office by taking the stairs or the elevator. On March 28, 2003, at approximately 8:29 a.m., plaintiff arrived at the building where CCB leased office space and she and Mack McIver proceeded up the stairs quickly toward the CCB office space. Plaintiff and Mr. McIver had almost completed their ascent when plaintiff jammed her left toes on a step and sustained an injury to her left great toe breaking it when she was climbing the stairs to reach the floor where her office was located. Plaintiff felt immediate pain and Mr. McIver assisted her along with other employees who brought plaintiff ice. Plaintiff's supervisor was aware of her injury. Plaintiff elevated her foot and worked a full day hoping that her foot was merely bruised. However, plaintiff continued to experience difficulty and swelling over the weekend.
3. Plaintiff first sought medical treatment on Monday following her injury. Plaintiff underwent x-rays and received Motrin and a support shoe. Plaintiff reported to work after her treatment and never missed a full work day as a result of her March 28, 2003 injury, although plaintiff continues to experience pain and some swelling.
4. The greater weight of the evidence of record establishes that on March 28, 2003 CCB leased a portion of the office building located on 212 West Main Street, Durham, North Carolina, 27701 and had no control over or maintenance responsibilities for the common areas such as the stairs. Furthermore, on March 28, 2003, the building in which plaintiff was injured was operated and managed by a property management company, Mark Properties, which was responsible for and maintained and controlled common areas such as the stairwell where plaintiff was injured and elevators and the lobby area. Various individual companies leased space in the building controlled by Mark Properties and these companies collectively had access to the common areas but did not control or maintain the areas.
5. The greater weight of the evidence of record establishes that plaintiff was injured while coming to work and not yet on the premises owned, maintained or controlled by defendant-employer at approximately 8:29 a.m. before she "clocked in" to work at approximately 8:32 a.m. and entered the course and scope of her employment with defendant-employer.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Employers are not responsible for injuries that occur in a common area while an employee is coming or going to or from work. In this case, the greater weight of the evidence establishes that plaintiff was injured in the common area stairwell not owned, maintained or controlled by defendant-employer while coming to work. Therefore, her claim is not compensable. Bass v. Mecklenburg County, 258 N.C. 226, 128 S.E.2d 570
(1962).
2. Furthermore, an injury alone is insufficient to trigger entitlement to workers' compensation; the injury must have occurred on the employer's premises or while an employee was carrying out an employment task in furtherance of his or her duties as an employee. Moreover, plaintiff has failed to prove that she falls under an exception to the general "coming and going" rule of law applicable to employees traveling to or from work. N.C. Gen. Stat. § 97-2; Barham v. Food World, Inc., 300 N.C. 329,266 S.E.2d 676 (1980); Deseth v. LensCrafters, Inc., 160 N.C. App. 180,585 S.E.2d 264 (2003).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Plaintiff's claim for Worker's Compensation benefits is denied.
2. Each side shall pay its own costs.
This the 18th day of February, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER