***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission adopts the Opinion and Award of Deputy Commissioner Houser with minor modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The date of the injury giving rise to this claim is November 28, 2005. *Page 2 
2. On all relevant dates, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On all relevant dates, an employee-employer relationship existed between plaintiff-employee and defendant-employer.
4. Plaintiff was employed by defendant-employer as a medical assistant.
5. On all relevant dates, defendant-employer employed three or more employees.
6. On all relevant dates, defendant-employer was insured by the Hartford Insurance Company.
7. Plaintiff's average weekly wage is to be determined by an Industrial Commission Form 22 Wage Chart.
8. Defendants have denied plaintiff's claim.
9. Plaintiff was in her private vehicle going to lunch at the time of the accident.
10. At the time of the accident, plaintiff was sitting at the stop sign on Phoenix Drive at the intersection with Williamson Avenue when her vehicle was struck by another vehicle driven by a student making a right turn from Williamson Avenue onto Phoenix Drive.
11. Phoenix Drive is a campus road for defendant-employer whereas Williamson Avenue is a not a campus road.
12. Plaintiff was injured as the result of the accident, but the parties disagree on the extent of her disability.
13. Plaintiff was periodically out of work immediately following the accident.
14. Plaintiff has not returned to work for defendant-employer since September 20, 2006. *Page 3 
15. At the hearing before the deputy commissioner, the parties submitted the following:
 a. Packet of Industrial Commission Forms, which was admitted into the record and marked as Stipulated Exhibit (2);
 b. Accident Report which was admitted into the record and marked as Stipulated Exhibit (3);
 c. Packet of Employment Related Documents; which was admitted into the record and marked as Stipulated Exhibit (4), and;
 d. Campus Map of Elon University, which was admitted into the record and marked as Stipulated Exhibit (5).
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff began working for defendant-employer as a medical assistant in September 2004. In that capacity, plaintiff's duties included taking vitals, triage, assessing patients, ordering supplies, and stocking the examination rooms. Because plaintiff was also a certified paramedic, she was allowed to perform additional duties such as draw blood, start IV's, perform CPR, and operate a defibrillator.
2. Plaintiff's primary office is in the Ellington Health Counseling Center on the Elon University campus. Although most of these duties are performed within the Ellington Center, plaintiff also has worked at first aid stations during convocations. Additionally, plaintiff has tended to the healthcare needs of students outside the Ellington Center. *Page 4 
3. Defendant-employer is in the business of educating students.
4. Defendant-employer's Director of Health Services, Ms. Kitty Parrish, testified that she would have expected plaintiff to render aid to any injured person anywhere on the campus. If aid were required on defendant-employer's campus, plaintiff would be one who assessed the situation. Providing health care outside of the Ellington Center was not a routine occurrence.
5. Plaintiff had a parking sticker on her personal vehicle, which allowed her to park in a parking lot adjacent to the Ellington Center. Other staff, faculty, and students with the same sticker were permitted to park in that same lot.
6. Each normal workday, plaintiff entered defendant-employer's premises at the intersection of Phoenix Drive and Williamson Avenue. Williamson Avenue is a state-maintained road. Phoenix Drive, which dead-ends into Williamson Avenue, is part of defendant-employer's premises.
7. On November 28, 2005 plaintiff departed from her office at approximately 11:30 a.m. for lunch. From her parking space in the lot immediately adjacent to the Ellington Center, plaintiff turned left onto Phoenix Drive and traveled two blocks to the intersection of Williamson Avenue in order to exit defendant-employer's premises. This route was the most direct for plaintiff to use when exiting defendant-employer's premises.
8. While paused at the intersection of Williamson Avenue and Phoenix Drive, an Elon University student turned right onto Phoenix Drive, lost control of her vehicle, and collided with plaintiff's vehicle. At the moment of impact, plaintiff was in her vehicle, which was still on defendant-employer's premises. *Page 5 
9. On November 28, 2005, plaintiff sustained an injury by accident arising out of and in the course and scope of her employment with defendant-employer.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
1. In order to be compensable under the North Carolina Workers' Compensation Act, an injury must result from an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6).
2. The question of whether an accident arose out of the course and scope of employment is a mixed question of law and fact. Creel v. Townof Dover, 126 N.C. App 547, 486 S.E.2d 478 (1997). "An injury `arises out of the employment' if a contributing proximate cause of the injury is a risk to which the employee was exposed because of the nature of the employment, and to which the employee would not have been equally exposed apart from the employment." Dildy v. MBW Invs., Inc.,152 N.C. App. 65,69,566 S.E.2d 759,763
(2002), (citing Roberts v. BurlingtonIndustries, 321 N.C. 350, 358, 364 S.E.2d 417, 423 (1988)). An injury occurs in the course of employment when it occurs during a time, at a place, and under circumstances that are reasonably related to an employee's employment. Gallimore v. Marilyn's Shoes, 292 N.C. 399,233 S.E.2d 529 (1977).
3. Ordinarily injuries sustained while going to and from work are not compensable as they do not arise out of or in the course of the employment. Royster v. Culp, Inc., 343 N.C. 279, 281, 470 S.E.2d 30, 31
(1996); Barham v. Food World, Inc., 300 N.C. 329, 266 S.E.2d 676 (1980). However, recognized exceptions to this rule include the premises exception, the special *Page 6 
errands exception, the traveling salesman exception, and the contractual duty exception. Stanley v. Burns International Security Services,161 N.C. App. 722, 589 S.E.2d 176 (2003).
4. The fact that plaintiff was not engaged in the actual performance of the duties of her job does not preclude the accident from being within the course of employment. Harless v. Flynn, 1 N.C. App. 448,162 S.E.2d 67 (1968). "[I]njuries sustained by an employee while going to and from his place of work upon the premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment within the meaning of the Workmeners' Compensation Act and are compensable provided the employee's act involves no unreasonable delay." Maurer v. Salem Co., 266 N.C. 381, 382, 146 S.E.2d 432, 433-34
(1966) (citing Bass v. Mecklenburg County, 258 N.C. 226, 232,128 S.E.2d 570,574 (1962)). The Court in Harless concluded that the plaintiff was injured during the course and scope of her employment where plaintiff was leaving her employer's premises during lunch which was an activity permitted by the employer and one in which other employees customarily participated, and was involved in an accident with a coworker on the employer's premises. Harless v. Flynn, 1 N.C. App. 448, 162 S.E.2d 67
(1968). The Harless Court also noted that the plaintiff's injury was attributable to the heightened risk present when large numbers of employees were attempting to leave the employer's parking lot.Id.
5. In the present case, the premises exception applies. Id. On November 28, 2005, plaintiff was involved in an accident on her way to lunch while still on defendant-employer's premises. Therefore, plaintiff sustained an injury by accident arising out of and in the course and scope of her employment with defendant-employer. Id.; N.C. Gen. Stat. § 97-2(6).
 *********** *Page 7 
Based on the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD/ORDER
1. As plaintiff's claim has been found to be a compensable injury by accident arising out of and in the course of her employment with defendant-employer, plaintiff's claim is hereby allowed. The parties may now proceed with determining the extent of plaintiff's disability and entitlement to indemnity and medical compensation.
2. Defendants shall pay the costs.
This the 28th day of April 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1