**MINTZ v. VERIZON WIRELESS**

[223 N.C. App. 433 (2012)]

CYNTHIA MINTZ, EMPLOYEE PLAINTIFF v. VERIZON WIRELESS, EMPLOYER, AMERICAN
INSURANCE GROUP PLAN, INC., CARRIER (SEDGWICK CMS, THIRD-PARTY
ADMINISTRATOR), DEFENDANTS

No. COA12-306

(FILED 20 NOVEMBER 2012)

**1. Workers' Compensation—injury arising out of employment—
causal relationship**

The Industrial Commission did not err in a workers' compen-
sation case by concluding that plaintiff's injury arose out of her
employment. There was a causal relationship between plaintiff's
employment and her injury because she incurred her injury based
on a condition in her workplace.

**2. Workers' Compensation—injury occurring in the course of
employment—time, place, circumstances**

The Industrial Commission did not err in a workers' compen-
sation case by concluding that plaintiff's injury occurred "in the
course of" her employment. Plaintiff's injury occurred during the
hours of employment, even though it happened during an unpaid
break, and plaintiff was injured on premises essentially controlled
by defendant-employer while returning to her cubicle after engag-
ing in an activity she undertook for her personal comfort.

**3. Workers' Compensation—finding of fact—supported by
material evidence**

The Industrial Commission did not err in a workers' compen-
sation case by finding that plaintiff's fall materially aggravated
the arthritic condition in her knee. The finding was supported by
the testimony of Dr. Messina, which was competent evidence.

**4. Attorney Fees—workers' compensation—properly awarded**

The Industrial Commission did not err in awarding plaintiff
attorney's fees through a proper application of N.C.G.S. § 97-88.

Appeal by defendants from opinion and award entered 7 October
2011 by the North Carolina Industrial Commission. Heard in the Court
of Appeals 29 August 2012.

*Greg Jones & Associates, P.A., by Cameron D. Simmons, for plaintiff.*

*Hedrick Gardner Kincheloe & Garofalo, L.L.P., by M. Duane Jones, Erica B. Lewis, and Lindsey L. Smith, for defendants.*

HUNTER, Robert C., Judge.

Defendant-employer Verizon Wireless ("defendant-employer") and defendant-carrier American Insurance Group Plan, Inc. (Sedgwick CMS, third-party administrator) ("collectively defendants") appeal from an opinion and award of the Full Commission of the North Carolina Industrial Commission ("Full Commission") filed 7 October 2011. Defendants argue on appeal that the Full Commission erred by: (1) concluding plaintiff Cynthia Mintz ("plaintiff") sustained an injury "arising out of" and "in the course of" her employment; (2) finding plaintiff's fall materially aggravated her underlying arthritis in her knee; and (3) awarding attorney's fees pursuant to N.C. Gen. Stat. § 97-88. After careful review, we affirm the opinion and award.

Background

Plaintiff is a 54-year-old woman who has been an employee of defendant-employer for six years as a customer care representative. She worked on the second floor of the building. At the time of the incident, defendant-employer did not own the building where plaintiff was injured. Todd Lee Swank ("Mr. Swank"), plaintiff's supervisor, testified that, in addition to defendant-employer, there were several other businesses in the building including: (1) Strayer University, which only offered services to employees of defendant-employer; (2) Eurst, a cafeteria for defendant-employer's employees; (3) SOS Security, which provided security services to defendant-employer; (4) defendant-employer's mail room facility; and (5) in-house contractors that provided cleaning services. The general public did not have access to the building without permission and authorization from an employee's supervisor.

On 22 July 2009, plaintiff contends that during her hour-long unpaid lunch break, which defendant-employer required she take, she walked through the hallways on the first floor of the building for exercise. Plaintiff testified that "[t]hey had a thing set up that you can walk in there through the hallways on the first floor[.]" The hallways on the first floor were a common area to which all employees had access. After she walked for 30 minutes, plaintiff went to the restroom on the first floor. As she was leaving the bathroom and

walking toward the elevator to return to her cubicle, she slipped on a piece of ice from the ice-machine located outside the ladies' bathroom and fell on her knee.

After the incident, plaintiff saw Dr. Robert Messina ("Dr. Messina") whom she had seen in the past for knee pain. Five years prior to this incident, plaintiff underwent knee surgery on the same knee on which she fell. On 29 July 2009, after plaintiff's fall, Dr. Messina diagnosed her with a left knee contusion. Plaintiff had numerous follow-up visits with Dr. Messina where she underwent steroid injections and was prescribed various medications for her ongoing knee issues. At his deposition on 28 September 2010, Dr. Messina stated that plaintiff's fall materially aggravated the arthritis in her knee.

On 12 August 2010, Deputy Commissioner Robert Harris heard the matter and filed an opinion and award on 8 March 2011 concluding that plaintiff suffered a compensable injury and awarding plaintiff indemnity benefits, medical compensation, and $4770 in attorney's fees, assessed in a separate order, pursuant to N.C. Gen. Stat. § 97-90(c). Defendants appealed Deputy Commissioner Harris's opinion and award on 23 March 2011 and appealed his separate order assessing attorney's fees on 31 March 2011. On 11 August 2011, the Full Commission heard the matter. After reviewing the evidence, the Full Commission filed its opinion and award on 7 October 2011 ("Full Commission's opinion"). Specific findings of fact and conclusions of law will be addressed as needed as they relate to defendants' arguments on appeal.

## Arguments

Review of an opinion and award of the Industrial Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.'" *Richardson v. Maxim Healthcare/Allegis Group*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). "The findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977)). "The Commission's conclusions of law are,

however, reviewed *de novo.*" *Gray v. RDU Airport Auth.*, 203 N.C. App. 521, 525, 692 S.E.2d 170, 174 (2010).

I.  Injury "Arising Out Of" and "In The Course of" Employment

Under the Workers' Compensation Act, a plaintiff is entitled to compensation for an injury "only if (1) it is caused by an accident, and (2) the accident arises out of and in the course of employment." *Gray*, 203 N.C. App. at 525, 692 S.E.2d at 174 (internal quotation marks omitted); *see also* N.C. Gen. Stat. § 97-2(6) (2011). "The phrases 'arising out of' and 'in the course of' one's employment are not synonymous but rather are two separate and distinct elements both of which a claimant must prove to bring a case within the Act." *Gallimore*, 292 N.C. at 402, 233 S.E.2d at 531.

A.  "Arising Out Of" Plaintiff's Employment

**[1]** Defendants argue that the Full Commission's conclusions of law nos. 2 and 3 were erroneous because plaintiff was injured on an unpaid lunch break, plaintiff's employment was not a contributing proximate cause of the accident, and "[n]othing about [p]laintiff's job duties placed her at a greater risk than the general public of slipping on ice or water." We are not persuaded.

" 'Arising out of' the employment is construed to require that the injury be incurred because of a condition or risk created by the job. In other words, [t]he basic question [to answer when examining the arising out of requirement] is whether the employment was a contributing cause of the injury." *Billings v. Gen. Parts, Inc.*, 187 N.C. App. 580, 586, 654 S.E.2d 254, 258 (2007) *writ denied* and *review denied*, 362 N.C. 233, 659 S.E.2d 435 (2008) (internal quotation marks and citations omitted). Our Supreme Court has held that, generally, "an injury arises out of the employment when it is a natural and probable consequence or incident of the employment and a natural result of one of its risks, so that there is some causal relation between the injury and the performance of some service of the employment." *Robbins v. Nicholson*, 281 N.C. 234, 239, 188 S.E.2d 350, 354 (1972) (internal quotations marks omitted). "When an injury cannot fairly be traced to the employment as a contributing proximate cause, or if it comes from a hazard to which the employee would have been equally exposed apart from the employment, or from the hazard common to others, it does not arise out of the employment." *Harless v. Flynn*, 1 N.C. App. 448, 455, 162 S.E.2d 47, 52 (1968).

Based on the record of evidence, the Full Commission found, in pertinent part, that "[m]embers of the general public were not allowed in the building. Only those with a security badge or who were on a guest list approved by [d]efendant-[e]mployer could enter the building." This finding was supported by competent evidence in the record, the testimony of Mr. Swank. Thus, it is conclusive on appeal.

Based on this finding, the Full Commission concluded that plaintiff's injury was "incidental to her employment" since she would not be "equally exposed," as defendants contend, to the risk of slipping had she not been employed by defendant-employer. We find that there is a causal relationship between plaintiff's employment and her injury because she incurred her injury based on a condition in her workplace. Plaintiff was injured in a common area of the building, and the record indicates that employees were not only authorized but also encouraged to go to the first floor since Eurst, the cafeteria for employees, was located there, and employees had authorization to walk through the hallways on the first floor. Thus, we affirm the Full Commission's conclusion that plaintiff's injury "arose out of" her employment.

B. "In the Course of" Employment

[2] Next, defendants argue that plaintiff's injury did not occur "in the course of" her employment because plaintiff failed to meet the three elements of time, place, and circumstances. Specifically, defendants contend that: (1) plaintiff's injury did not occur at a time reasonably related to her employment since she was on an unpaid lunch break; (2) defendant-employer did not control or own the building where defendant was injured; and (3) plaintiff was not engaged in activities related to her employment. We disagree.

With regard to determining whether an injury occurs "in the course of" employment, this Court has concluded that

The words [i]n the course of have reference to the time, place and circumstances under which the accident occurred. Clearly, a conclusion that the injury occurred in the course of employment is required where there is evidence that it occurred during the hours of employment and at the place of employment while the claimant was actually in the performance of the duties of the employment.

*Harless*, 1 N.C. App. at 455-56, 162 S.E.2d at 52. With regard to the time element, "the course of employment begins a reasonable time

before actual work begins and continues for a reasonable time after work ends and *includes intervals during the work day for rest and refreshment." Id.* at 456, 162 S.E.2d at 53 (emphasis added). Defendants allege that this element is not met because plaintiff was on an unpaid lunch break.

The Full Commission determined that plaintiff's injury occurred during a time in her work day "built in for the employees' rest and refreshment." Moreover, the Full Commission noted that defendant-employer requires its employees to take an hour-long lunch break. While defendants focus on the fact that plaintiff was injured during an unpaid break to support their argument that the injury did not occur at a time reasonably related to her employment, we have no support in our caselaw for the proposition that the element of time is not established if an employee is on an unpaid break. Here, plaintiff's injury occurred during the hours of employment, even though it happened during an unpaid break. Thus, the Full Commission's conclusion accurately reflects that "in the course of" includes times during the workday for rest and refreshment. *See Harless,* 1 N.C. App. at 456, 162 S.E.2d at 53. Therefore, we affirm the Full Commission's conclusion of law with regard to the element of time.

With regard to the element of place, defendants contend that the Full Commission's conclusion of law no. 5 was erroneous. Moreover, defendants allege that findings of fact nos. 4-8, to the extent they infer defendant-employer maintained or controlled the building, were not supported by competent evidence.

Place is considered the "premises of the employer." *Harless,* 1 N.C. App. at 456, 162 S.E.2d at 52. While the Full Commission noted in its findings that defendant-employer no longer owned the building where plaintiff worked, it indicated that "[d]efendant-[e]mployer continued to be the main tenant in the building and maintained and controlled all activities occurring in the building." These findings were supported by competent evidence in the record that established all other contractors in the building, including the cleaning contractors, mail room, security, and Eurst, provided services to defendant-employer. Moreover, the only other business, Strayer University, offered services exclusively to employees of defendant-employer.

Based on these findings, the Full Commission concluded that because "an accident may be compensable if it occurs on the premises of the employer or adjacent premises that are owned or controlled by the employer[,]" the element of place was met because

defendant-employer "still essentially controlled the building, including the common area in which [p]laintiff fell." In support of its conclusion, the Full Commission cited *Strickland v. King*, 293 N.C. 731, 239 S.E.2d 243 (1977), and *Bass v. Mecklenburg County*, 258 N.C. 226, 128 S.E.2d 570 (1962). In *Bass*, our Supreme Court noted that "injuries sustained by an employee while going to or from his place of work upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment . . . provided the employee's act involves no unreasonable delay." 258 N.C. at 232, 128 S.E.2d at 574. Here, there was competent evidence that plaintiff was injured on premises essentially controlled by defendant-employer while she was returning to her cubicle from the first floor of the building during her lunch break. Thus, the conclusion that the element of place was met is justified, and defendants' argument is without merit.

With regard to the circumstances element, when an employee "is engaged in activity which he is authorized to undertake and which is calculated to further, [d]irectly or indirectly the employer's business, the circumstances are such as to be within the course of employment." *Harless*, 1 N.C. App. at 456, 162 S.E.2d at 52. Moreover, "[a]ctivities which are undertaken for the personal comfort of the employee are considered part of the 'circumstances' element of the course of employment." *Spratt v. Duke Power Co.*, 65 N.C. App. 457, 468-69, 310 S.E.2d 38, 45 (1983).

The Full Commission concluded that "[a]n employee tending to her personal needs is indirectly benefiting the employer[,]" and "it was in [d]efendant-[e]mployer's interest that [p]laintiff be rested and refreshed so she could provide pleasant and effective customer service, and the activity in which [p]laintiff was engaging when she fell thus indirectly benefited [d]efendant-[e]mployer." Therefore, plaintiff's lunch break was within the course of her employment.

Here, plaintiff was injured while returning to her cubicle after engaging in an activity she undertook for her personal comfort. The present case is similar to those cases where our Courts have recognized the personal comfort doctrine and found that employees engaging in activities for health and comfort constitute circumstances in the course of the employment. *See generally Rewis v. New York Life Ins. Co.*, 226 N.C. 325, 328, 38 S.E.2d 97, 99 (1946) (noting that "[a]n employee, while about his employer's business, may do those things which are necessary to his own health and comfort, even though personal to himself, and such acts are regarded as incidental to the

employment" and concluding that the employee's act of visiting the restroom and seeking comfort by the open window was in the course of his employment); *Spratt*, 65 N.C. App. at 468-69, 310 S.E.2d at 45 (concluding that "[a]ctivities which are undertaken for the personal comfort of the employee are considered part of the 'circumstances' element of the course of employment."). Moreover, we note that, with regard to the personal comfort doctrine, Larson's treatise on workers' compensation specifically states that:

> [i]njuries occurring on the premises during a regular lunch hour arise in the course of employment, even though the interval is technically outside the regular hours of employment in the sense that the worker receives no pay for that time and is in no degree under the control of the employer, being free to go where he or she pleases.

Arthur Larson & Lex K. *Larson, Larson's Workers' Compensation Law* § 21.02[1][a] (2012) (hereinafter *Larson's*). We find Larson's explanation of the personal comfort doctrine persuasive and adopt its reasoning. If an employee is injured on premises owned or controlled by the employer on a lunch break, whether or not that break is paid, we hold that the circumstances are within "the course of" employment. Thus, defendants' argument is without merit.

II. Material Aggravation

[3] Next, defendants argue that the Full Commission's findings of fact that plaintiff's fall materially aggravated the arthritic condition in her knee were not supported by the "overall testimony" because Dr. Messina's assumption that plaintiff was asymptomatic prior to her fall was contradicted by evidence. Specifically, defendants contend that Dr. Messina's medical opinion was based on conjecture and speculation and was, therefore, incompetent. We disagree.

"The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965). Our Supreme Court has held that "where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Young v. Hickory Business Furniture*, 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000) (quoting *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980)).

In the present case, the Full Commission found that Dr. Messina testified with a reasonable degree of medical certainty that plaintiff's fall "materially aggravated [p]laintiff's underlying left knee arthritic condition." Furthermore, the Full Commission noted that "Dr. Messina held this opinion regardless of whether [p]laintiff had intermittent flare-ups in her left knee between 2005 and 2009." Accordingly, the Full Commission concluded that "[b]ased on a preponderance of the evidence, [p]laintiff has shown that her ongoing left knee condition is causally related to her compensable July 22, 2009 injury."

The Full Commission's finding of causation was supported by competent evidence. At his deposition, Dr. Messina testified that he concluded, with a reasonable degree of medical probability, that plaintiff's fall exacerbated the arthritis in her left knee. Dr. Messina also stated that the fact that plaintiff experienced intermittent knee pain in the time between her surgery and her fall "wouldn't impact" his opinion that "there was material aggravation." Here, Dr. Messina stated his opinion unequivocally with a reasonable degree of medical certainty; thus, this testimony is what distinguishes this case from those where our Courts have held that the finding of causation was based on incompetent evidence. *See Young*, 353 N.C. at 233, 538 S.E.2d at 916-17, (holding that because the medical expert's testimony "consists of comments and responses demonstrating his inability to express an opinion to any degree of medical certainty as to the cause of Ms. Young's illness," his opinion was incompetent and insufficient to support the Industrial Commission's finding of causation); *Edmonds v. Fresenius Medical Care*, 165 N.C. App. 811, 818, 600 S.E.2d 501, 506 (2004) (Steelman, J., dissenting) (concluding that because the medical expert's testimony only established that the treatment for plaintiff's injury "possibly" or "could or might" have caused plaintiff's renal problems, "[t]his testimony does not rise above a guess or mere speculation"), *rev'd per curiam for reasons stated in the dissent*, 359 N.C. 403, 610 S.E.2d 374 (2005).

III. Attorney's Fees

[4] Finally, defendants argue that the Full Commission's award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88 was premature since attorney's fees would not be allowed if this Court concluded the Full Commission erred. "The Commission or a reviewing court may award an injured employee attorney's fees [u]nder section 97-88, . . . if (1) the insurer has appealed a decision to the [F]ull Commission or to any court, and (2) on appeal, the Commission or

court has ordered the insurer to make, or continue making, payments of benefits to the employee." *Cox v. City of Winston Salem*, 157 N.C. App. 228, 237, 578 S.E.2d 669, 676 (2003) (internal quotation marks omitted). Here, plaintiff was awarded attorney's fees through a proper application of N.C. Gen. Stat. § 97-88. Thus, since we are affirming the Full Commission's opinion, we affirm the award of attorney's fees.

### Conclusion

Because we find the Full Commission's conclusions of law that plaintiff's injury "arose out of" and "in the course of" her employment were justified and based on findings supported by competent evidence, we affirm the Full Commission's conclusions of law nos. 2-6. Moreover, since there was competent evidence supporting the finding that plaintiff's fall materially aggravated her arthritic condition, we affirm the Full Commission's finding of fact 19. Finally, we affirm the Full Commission's award of attorney's fees.

Affirmed.

Judges BRYANT and STEELMAN concur.