JUDY CARDWELL, EMPLOYEE, PLAINTIFF v. JENKINS CLEANERS, INC., EMPLOYER, AND MIDWEST EMPLOYERS CASUALTY COMPANY, CARRIER (KEY RISK INSURANCE COMPANY), THIRD-PARTY ADMINISTRATOR, DEFENDANTS

No. COA10-136

(Filed 3 August 2010)

**1. Workers' Compensation— stipulation—scope of review by Industrial Commission**

The Industrial Commission did not err in a workers' compensation case by determining that the parties had stipulated that the sole issue was whether plaintiff's injury occurred on defendant's premises. The Commission resolved both of the factual issues

CARDWELL v. JENKINS CLEANERS, INC.

[206 N.C. App. 228 (2010)]

raised by the employee and did not improperly limit the scope of its review.

**2. Workers' Compensation— job duties—unlocking door—fall in parking lot**

The Industrial Commission did not err in a workers' compensation case by failing to find that unlocking the back door was part of plaintiff's job where the Commission found that defendant had not reached the back door when the injury occurred.

**3. Workers' Compensation— slip and fall—findings—location of fall**

Competent evidence supported the Industrial Commission's findings in a workers' compensation case that plaintiff was in a parking lot not controlled by defendant when she fell.

**4. Workers' Compensation— injury by accident—fall on ice—outside defendant's premises**

The Industrial Commission did not err by failing to find that plaintiff's fall on ice was not an injury by accident in the course of her employment where the fall occurred close to defendant's doorway but in a parking lot over which defendant had no control.

Chief Judge MARTIN dissenting.

Appeal by plaintiff-employee from opinion and award entered 17 September 2009 by the North Carolina Industrial Commission. Heard in the Court of Appeals 7 June 2010.

*Pope McMillan Kutteh Privette Edwards & Schieck, P.A., by Martha N. Peed and Anthony S. Privette, for plaintiff-employee.*

*McAngus, Goudelock & Courie, P.L.L.C., by Jason C. McConnell & Danielle M. Walther, for defendants.*

BRYANT, Judge.

On 23 January 2008, plaintiff-employee Judy Cardwell was injured in an accident. Defendant-employer Jenkins Cleaners, Inc., and defendant-carrier Key Risk Insurance Company denied employee's claim for workers' compensation benefits via a Form 61. Following a hearing, the deputy commissioner rendered an opinion and award on 16 March 2009 denying plaintiff benefits. Employee

appealed to the Full Commission. By an opinion and award filed 17 September 2009, the Full Commission affirmed the opinion of the deputy commissioner with modifications. Employee appealed. As discussed below, we affirm.

## Facts

On 23 January 2008, employee arrived at work at approximately 7:15 a.m. and parked her vehicle in the parking lot next to employer's location. Employee walked across the parking lot toward the back door of the business and slipped on black ice approximately three feet in front of the door. As a result, she fell and broke her wrist.

The sole issue before the Full Commission was whether the injury employee sustained was compensable in that it occurred on employer's premises, thereby rendering it compensable under the Workers' Compensation Act. Employer leases the building where its business is located. Employer does not control the parking lot adjacent to the building which is shared by a number of businesses. In addition, employer has no obligation for upkeep of the parking lot and is prohibited from reserving any parking spots for its customers' or employees' use.

On appeal, employee makes four arguments: that the Commission erred in (I) determining that the parties stipulated that the sole issue to be decided by the Commission was whether the injury sustained by employee occurred on employer's premise; (II) failing to find as fact that opening the shop, including unlocking the rear door before 7:30 a.m. was a requirement of employee's job; (III) finding that employee was in the parking lot at the time of her injury; and (IV) failing to find that employee's injury was an "injury by accident arising out of and in the course of employment."

## Standard of Review

Our review of an opinion and award from the Industrial Commission is limited to determining whether competent evidence supports the Commission's findings of fact and whether those findings support the conclusions of law. *Calloway v. Mem'l Mission Hosp.*, 137 N.C. App. 480, 484, 528 S.E.2d 397, 400 (2000) (citation omitted). Findings supported by competent evidence are conclusive on appeal even if the evidence could support contrary findings. *Id.* (citing *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d at 414 (1998), *reh'ing denied*, 350 N.C. 108, 532 S.E.2d 522 (1999)). We review con-

clusions of law de novo. *Goodson v. P.H. Glatfelter Co.*, 171 N.C. App. 596, 605, 615 S.E.2d 350, 357, *disc. review denied*, 360 N.C. 63, 623 S.E.2d 582 (2005).

## I

[1] Plaintiff first argues the Commission erred in determining that the parties stipulated that the sole issue to be decided was whether the injury sustained by plaintiff occurred on defendant's premises and was therefore compensable. We disagree.

The Commission's opinion and award includes the following stipulation:

> 7. The sole issue to be decided by the Industrial Commission is whether the injury [employee] sustained on January 23, 2008, occurred on the defendant-employer's premises and is therefore compensable under the North Carolina Workers' Compensation Act.

Employee contends that the Commission mis-characterized the issue to be decided in that the order from the final pre-trial conference stated the issue to be decided as "[w]hether [employee] sustained a compensable on-the-job injury on January 23, 2008." Employee asserts that narrowing the issue to whether the injury occurred on the premises improperly narrowed the Commission's focus. Our review of the record suggests that employee's argument is without merit.

Under the Worker's Compensation Act, an employee is entitled to benefits for injuries sustained in an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6) (2009). "The term 'arising out of' refers to the origin or causal connection of the injury to the employment; the phrase 'in the course of' refers to the time, place and circumstances under which the injury by accident occurs." *Barham v. Food World*, 300 N.C. 329, 332, 266 S.E.2d 676, 678, *reh'ing denied*, 300 N.C. 562, 270 S.E.2d 105 (1980). "As a general rule, injuries occurring while an employee travels to and from work do not arise in the course of employment and thus are not compensable." *Id.* This "going and coming" rule has further evolved such that "an employee injured while going to and from work *on the employer's premises* is generally covered by the Act." *Id.*

Here, the record reveals that the dispute between the parties about compensability of employee's injury concerned two factual matters: (1) employee's physical location when she fell (i.e. whether

she was in the parking lot or on employer's premises) and (2) employee's actions at the time of the fall (i.e. whether she was performing job duties). Issue (1) falls directly under the "coming and going" rule. In addition, employee's argument as to issue (2) was that unlocking the back door was one of her job duties and, therefore, if she was in the process of unlocking the back door when she fell, the injury would be compensable. Thus, although issue (2) is not facially an issue of "coming and going," the facts here indicate that whether employee was on employer's premises is dispositive of that matter as well. In finding of fact 2, the Commission specifically found that, at the time employee slipped and fell, she had "not even reached the back door." Having not reached the back door, employee cannot have been in the process of unlocking it. Because the Commission resolved both issues raised by employee in its opinion and award and did not improperly limit the scope of its review, we overrule employee's argument on this point.

## II

[2] Employee next argues the Commission erred in failing to find as fact that opening the shop, including unlocking the rear door before 7:30 a.m., was a requirement of plaintiff's job. We disagree.

We first note that employee fails to cite any authority in support of her argument. Our appellate rules require that "the body of the argument and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies." N.C. R. App. P. 28(6) (2009). However, as this rules violation does not impair our ability to consider the merits of her argument, we address employee's substantive contention. *See Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.,* 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008).

The Commission need not make specific findings of fact on every issue raised by the evidence. *Watts v. Borg Warner Auto., Inc.,* 171 N.C. App. 1, 5, 613 S.E.2d 715, 719, *affirmed,* 360 N.C. 169, 622 S.E.2d 492 (2005) (per curiam). Rather, it is only "required to make findings on crucial facts upon which the right to compensation depends." *Id.* Whether unlocking the rear door each morning was one of employee's duties is not crucial to her right to compensation. As noted above, the Commission found as fact that employee had "not even reached the back door" when the injury occurred. Thus, any finding that unlocking the door was part of her job duties was irrelevant and would have no effect on the Commission's conclusions as to

compensability. The Commission did not err in failing to make the finding sought by employee, and this argument is overruled.

*III*

[3] Employee also argues that the Commission erred in finding she was in the parking lot at the time of her injury. We disagree.

Finding of fact 2 states:

2. On January 23, 2008, plaintiff arrived at the 825 N. Center Street location sometime between 7:15 and 7:30 a.m. in order to open the location at 7:30 a.m. She parked her vehicle on the west side or the rear of the store, according to her normal routine. As plaintiff was walking through the parking lot to the back door, she slipped on black ice and fell, breaking her right wrist. Plaintiff had not entered the store, or even reached the back door, prior to slipping, falling, and injuring her wrist.

Plaintiff contends that "uncontroverted evidence in the record reflects the fact that [she] 'fell in the doorway' " and that no competent evidence supports the Commission's finding that she was in the parking lot at the time of the injury. However, employee's own brief undercuts her assertion. Employee's brief acknowledges that she fell on the "cement area extending approximately three feet from the door." Employee testified that she "fell between the—the right before the-the black whatever—the black pavement and the—and the cement. I fell right on that, really on that cement area right there." Similarly, in her responses to defendants' first set of interrogatories, employee stated that she was "about three steps from the door" when she slipped and fell.

Employee contends that the cement area is not part of the parking lot because "it is graded on a different slope than the parking lot and separated from the parking lot by cement curbing." However, she cites no authority for this proposition and we have found none.[1] Moreover, even if the cement area where employee fell was designated as something other than "parking lot," employee does not argue that the cement area was part of employer's premises.

Competent evidence supports finding 2, that "[a]s plaintiff was walking through the parking lot to the back door, she slipped on black ice and fell, breaking her right wrist. Plaintiff had not entered

---

1. As with the previous issue, plaintiff fails to cite any authority in support of her argument as required by N.C. R. App. P. 28(6).

the store, or even reached the back door, prior to slipping, falling, and injuring her wrist." This argument is overruled.

*IV*

**[4]** In her final argument, employee contends that the Commission erred in failing to find that her injury was an "injury by accident arising out of and in the course of employment." We disagree.

Employee returns to her assertions that her injury was compensable because she fell in the doorway of employer's premises with the key in her hand as she prepared to unlock the business, a part of her job duties. The Commission's unchallenged findings 4-10 reflect that employer leased his premises in a shopping center and did not exercise any control or rights over the common areas of the shopping center outside his store. Further, as discussed *supra,* competent evidence supports finding 2, which is conclusive on appeal:

> 2. On January 23, 2008, plaintiff arrived at the 825 N. Center Street location sometime between 7:15 and 7:30 a.m. in order to open the location at 7:30 a.m. She parked her vehicle on the west side or the rear of the store, according to her normal routine. As plaintiff was walking through the parking lot to the back door, she slipped on black ice and fell, breaking her right wrist. Plaintiff had not entered the store, or even reached the back door, prior to slipping, falling, and injuring her wrist.

Thus, the Commission's findings show that employee was not on her employer's premises and had not yet reached the back door to unlock it when she slipped and fell. Therefore, the injury was not "arising out of and in the course of employment" and was not compensable. *Barham,* 300 N.C. at 332, 266 S.E.2d at 678.

The dissent cites *Bass v. Mecklenburg County,* for the proposition that "the great weight of authority holds that injuries sustained by an employee while going to or from his place of work upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment." 258 N.C. 226, 232, 128 S.E.2d 570, 574 (1962) (citations omitted). We agree entirely with this proposition, but find it inapplicable to the facts before us in this case. In *Bass,* the employee was a practical nurse at the County Home and lived "on the premises" in quarters furnished by the employer "[a]s part of her salary." *Id.* at 231, 128 S.E.2d at 574. The employee slipped and fell on a sidewalk while attempting to avoid overgrown bushes as she walked between her quarters and the

**CARDWELL v. JENKINS CLEANERS, INC.**

[206 N.C. App. 228 (2010)]

main building, where she was to begin her work. *Id.* at 229-30, 128 S.E.2d at 572-73. Thus, in *Bass*, unlike the instant case, the employee was *on the premises*, which were owned, maintained, and controlled by the employer, at the time of her injury, even though she had not yet begun her work. *Id.* at 233, 128 S.E.2d at 575. Here, in contrast, employee was *not* on her employer's premises and the dissent agrees that competent evidence support's the Commission's finding that employer had no rights or control over the parking lot. The Commission made no findings about employer's right to control or duty to maintain the area between "the black pavement and . . . the cement" area outside back door.

Likewise, we find the dissent's reliance on *Hunt v. State*, 201 N.C. 707, 161 S.E. 203 (1931), misplaced. In *Hunt*, the employee was a member of the National Guard who died following a car accident on a public highway which occurred as he was on his way to report for duty. *Id.* at 709, 161 S.E. at 204. The Supreme Court held that

> [w]hen injured the plaintiff had not reached the place where he could do any work for his employer; he was not in a car provided by or under the control of his employer; he was not within the ambit of the camp or the sphere of the proposed service; he would have entered upon his work where he would have left it off. The injury, therefore, did not arise out of and in the course of the employment.

*Id.* at 711, 161 S.E. at 205. As in *Bass*, the Court focused on whether the employer owned or controlled the location where the employee was injured, noting that "a reasonable margin must be allowed [the employee] to get to the place of work if he is on the premises of the employer or on some access to the premises which the employer has provided." *Id.* at 710-11, 161 S.E. at 205.

Again, here, employee was not on employer's premises when the injury occurred. Further, nothing in the record or Commission's findings suggests that employer "provided" the area where employee fell as "some access to the premises." Thus, the Commission did not err in failing to find that employee's slip and fall was an "injury by accident arising out of and in the course of employment." This assignment of error is overruled.

Affirmed.

Judge ELMORE concurs.

CARDWELL v. JENKINS CLEANERS, INC.

[206 N.C. App. 228 (2010)]

Chief Judge MARTIN dissents in a separate opinion.

MARTIN, Chief Judge, dissenting.

The majority concludes, and I do not disagree, that competent evidence was presented to support the Commission's findings of fact that defendant-employer "neither had exclusive control of the parking lot nor cleaned or maintained the parking lot . . . and the lease did not otherwise grant defendant-employer any rights or control over the parking lot." I also agree with the majority that it was based upon these and similar findings that the Commission concluded plaintiff-employee's injury did not "arise out of and in the course of" her employment. However, I do not agree that there was any competent evidence presented to support the Commission's finding that plaintiff-employee slipped and fell on black ice as she was "*walking through the parking lot* to the back door." (Emphasis added.) Instead, the evidence presented indicated that plaintiff-employee slipped and fell on black ice in the cement access area in front of the employee-only entrance door of defendant-employer's business. Accordingly, as plaintiff-employee argues in her brief,[2] since this access area—which occupies the three feet between the employee-only entrance door and the six-to eight-inch high cement curbs that mark the end of the paved adjoining parking lot—is "in such proximity and relation" to defendant–employer's premises so as to be "in practical effect a part of employer's premises," I believe the Industrial Commission erred by concluding that plaintiff-employee's injury did not "arise out of and in the course of" her employment with defendant-employer. Therefore, I would vote to reverse the Commission's Opinion and Award denying plaintiff-employee's claim, and would remand the matter to the Commission for further proceedings.

As the majority has recognized, "[i]n order to be compensable under our Workers' Compensation Act, an injury must arise out of and in the course of employment." *Barham v. Food World, Inc.*, 300 N.C. 329, 332, 266 S.E.2d 676, 678, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 105 (1980). While it is a general rule "that injuries sustained by an employee while going to or from work are not ordinarily compensable," *see Bass v. Mecklenburg Cty.*, 258 N.C. 226, 231-32, 128

---

2. The majority indicates that plaintiff-employee "does not argue that the cement area was part of [defendant-]employer's premises." However, as I read plaintiff-employee's brief, she argues her injury occurred either on defendant-employer's premises, or in an area that is "in practical effect a part of the employer's premises," on pages 13-15, 19-21, and 24-26 of her brief.

**CARDWELL v. JENKINS CLEANERS, INC.**

[206 N.C. App. 228 (2010)]

S.E.2d 570, 574 (1962), "the rule has evolved that an employee injured while going to and from work *on the employer's premises* is generally covered by the Act." *Barham*, 300 N.C. at 332, 266 S.E.2d at 679; *see Bass*,[3] 258 N.C. at 232, 128 S.E.2d at 574 ("[T]he great weight of authority holds that injuries sustained by an employee while going to or from his place of work upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment within the Workmen's Compensation Acts and are compensable."). As our Supreme Court has recognized:

> "If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, *or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises*, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance."

*Bass*, 258 N.C. at 232-33, 128 S.E.2d at 575 (emphasis added) (quoting *Bountiful Brick Co. v. Giles*, 276 U.S. 154, 158, 72 L. Ed. 507, 509 (1928)). Thus, "the moment when [an employee] begins his work is not necessarily the moment when he gets into the employment," because "a reasonable margin must be allowed him to get to the place of work if he is on the premises of the employer *or on some access to the premises which the employer has provided.*" *Hunt v. State*,[4] 201 N.C. 707, 710-11, 161 S.E. 203, 205 (1931) (emphasis added); *see also Bass*, 258 N.C. at 233, 128 S.E.2d at 575 (" 'Probably, as a general rule, employment may be said to begin when the employee reaches the entrance to the employer's premises where the work is to be done; but it is clear that in some cases the rule extends to include adjacent premises used by the employee as a means of ingress and egress with the express or implied consent of the employer.' " (quoting *Bountiful Brick Co.*, 276 U.S. at 158, 72 L. Ed. at 509)).

According to the testimony of plaintiff-employee, as well as that of defendant-employer's owner, at the time plaintiff–employee was

---

3. The majority concludes that *Bass* is inapplicable to the present case. However, the majority repeatedly cites *Barham*, which itself relies on *Bass*. Indeed, one of the majority's direct quotes from *Barham* is a principle that *Barham* recognizes as having been borrowed from *Bass*.

4. While the majority recognizes, and I do not disagree, that the facts of *Hunt* are distinguishable from the present case, it is my opinion that the principles of law articulated in *Hunt* are nevertheless applicable here.

CARDWELL v. JENKINS CLEANERS, INC.

[206 N.C. App. 228 (2010)]

injured during the early morning hours of 23 January 2008, she had her key in hand, was within three steps of the rear entrance door marked "Authorized Personnel Only," and was within reach of defendant-employer's premises where she would begin to carry out her job functions, which included unlocking the door, turning on the lights, setting up the cash register, and getting "ready for business." Thus, plaintiff-employee presented uncontroverted evidence that both "the origin or causal connection of [her] injury to the employment," as well as "the time, place and circumstances under which [her] injury by accident occur[red]," rendered her injury compensable. *See Barham*, 300 N.C. at 332, 266 S.E.2d at 678.

Our Supreme Court has "repeatedly held 'that our Workers' Compensation Act should be liberally construed to effectuate its purpose to provide compensation for injured employees or their dependents, and its benefits should not be denied by a technical, narrow, and strict construction.' " *Adams v. AVX Corp.*, 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (quoting *Hollman v. City of Raleigh*, 273 N.C. 240, 252, 159 S.E.2d 874, 882 (1968)), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). In the present case, I believe the Commission narrowly construed the evidence presented so as to contravene the purpose of the Act. I agree that there is competent evidence to support the Commission's finding that plaintiff-employee "had not entered the store, or even reached the back door, prior to slipping, falling, and injuring her wrist." However, the evidence establishes, without contradiction, that the location of plaintiff-employee's fall was within three steps of the employee-only entrance door to defendant-employer's premises and that, after her fall, plaintiff-employee was within close enough proximity of said door to be "able to pull herself up and unlock the door with her left hand" in order to enter the premises to call defendant-employer and seek medical attention. Thus, in light of the evidence presented and in keeping with the purpose of the Act, I believe the Commission erred by failing to conclude that plaintiff-employee's injury "arose out of and in the course of" her employment when she slipped and fell in an area that was within the "reasonable margin" allowed to her to access the premises which defendant-employer provided," *Hunt*, 201 N.C. at 710-11, 161 S.E. at 205, and was "in such proximity and relation as to be in practical effect a part of the [defendant-]employer's premises." *Bass*, 258 N.C. at 233, 128 S.E.2d at 575 (internal quotation marks omitted). Therefore, I respectfully dissent.