JUDY CARDWELL, EMPLOYEE v. JENKINS CLEANERS, INC., EMPLOYER, MIDWEST EMPLOYERS CASUALTY COMPANY, CARRIER (KEY RISK INSURANCE COMPANY, THIRD-PARTY ADMINISTRATOR)

No. 374A10

(Filed 4 February 2011)

**Workers' Compensation— going and coming rule—findings not sufficient**

A workers' compensation case was remanded, and the Court of Appeals reversed, where the Industrial Commission did not find precisely where plaintiff fell, did not make findings about control of the area where defendant testified plaintiff fell, and application of the going and coming rule could not be determined.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 698 S.E.2d 131 (2010), affirming an opinion and award filed on 17 September 2009 by the North Carolina Industrial Commission. Heard in the Supreme Court 10 January 2011.

*Pope McMillan Kutteh Privette Edwards & Schieck, PA, by Martha N. Peed and Anthony S. Privette, for plaintiff-appellant.*

*McAngus, Goudelock & Courie, P.L.L.C., by Jason C. McConnell, Danielle M. Crockford, and H. George Kurani, for defendant-appellees.*

1

**CARDWELL v. JENKINS CLEANERS, INC.**

[365 N.C. 1 (2011)]

*Sumwalt Law Firm, by Vernon Sumwalt; and Patterson Harkavy, LLP, by Burton Craige, for North Carolina Advocates for Justice, amicus curiae.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by M. Duane Jones and Ashley M. Ferrell, for North Carolina Association of Defense Attorneys, amicus curiae.*

PER CURIAM.

In the Court of Appeals opinion below the majority concluded that plaintiff Judy Cardwell "was not on [her] employer's premises" when she slipped, fell, and broke her wrist yet also stated that the Industrial Commission "made no findings about employer's right to control or duty to maintain" the cement area outside the back door of defendant-employer's premises, where plaintiff testified she fell. *Cardwell v. Jenkins Cleaners, Inc.,* —— N.C. App. ——, ——, 698 S.E.2d 131, 135 (2010). Further, the Industrial Commission failed to find facts about precisely where plaintiff fell, referring instead to "plaintiff . . . walking through the parking lot to the back door [when] she slipped on black ice and fell."

In addition, our review of the evidence and record reflects that the Commission did not find as fact whether the cement area was part of defendant-employer's premises or part of the parking lot. The Industrial Commission found facts only regarding the degree of ownership or control defendant-employer exercised over the *parking lot,* not the cement area outside the back door, where plaintiff alleged she fell.

Without such findings, we are unable to determine whether the cement area is actually where plaintiff fell and whether it is " 'in such proximity and relation as to be in practical effect a part of the employer's premises,' " such that the "going and coming rule" would not apply. *Bass v. Mecklenburg Cnty.,* 258 N.C. 226, 233, 128 S.E.2d 570, 575 (1962) (quoting *Bountiful Brick Co. v. Giles,* 276 U.S. 154, 158, 72 L. Ed. 507, 509 (1928)); *Barham v. Food World, Inc.,* 300 N.C. 329, 332-34, 266 S.E.2d 676, 678-80 (1980); *see also* N.C.G.S. §§ 97-84, -85 (2009); *Adams v. AVX Corp.,* 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) ("Under our Workers' Compensation Act, 'the Commission is the fact finding body.' " (citation omitted)).

Although the Commission need not find facts on every issue raised by the evidence, it is "required to make findings on *crucial* facts upon which the right to compensation depends." *Watts v. Borg*

*Warner Auto., Inc.*, 171 N.C. App. 1, 5, 613 S.E.2d 715, 719 (emphasis added) (citation omitted), *aff'd per curiam*, 360 N.C. 169, 622 S.E.2d 492 (2005). Because the Commission has failed to make crucial findings of fact, its findings are insufficient to support the conclusion that plaintiff did not suffer "an 'injury by accident arising out of and in the course of employment' " and thus is not entitled to worker's compensation. *Cardwell,* —— N.C. App. at ——, 698 S.E.2d at 135. Therefore, we reverse the Court of Appeals opinion affirming the opinion and award of the Industrial Commission and remand to that court for further remand to the Commission for additional proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.